IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY HERMOSILLO,

      Plaintiff,

  v.

                 OPINION and ORDER

CO YOUNG, CO WALKER, SGT. DODSON, CO
HEALY, LT. PRICE, LT. LOYD, CO TEELAN, CO   26-cv-130-jdp
RILEY, CO SHONIBURG, SGT. JOHNSON, and LT.
LARSON,

      Defendants.

---

  Plaintiff Randy Hermosillo, proceeding without counsel, alleges that correctional staff at Columbia Correctional Institution disregarded the risk that he would cut himself on two separate occasions. Hermosillo brings Eighth Amendment claims based on the conscious disregard of his safety, and he also brings excessive force claims based on being pepper-sprayed.

  Hermosillo proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a plausible claim for relief, or seeks money damages from an immune defendant. I must accept Hermosillo's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will not allow Hermosillo to proceed on any of his claims because his complaint violates Federal Rule of Civil Procedure 20 by asserting claims based on separate events against different defendants. But I will allow Hermosillo to choose which claims he wishes to proceed on in this case, and a chance to inform the court whether he wishes to open a new case to pursue his claims based on different events.

ALLEGATIONS OF FACT

Hermosillo is known to commit acts of self-harm. He generally alleges that some of the defendants disregarded the risk that he would cut himself on September 18 and 19, 2024, and that the other defendants disregarded the risk that he would cut himself on October 2, 2024.

**A.  September 18 and 19 events**

On September 18, 2024, Hermosillo was on observation status for concerns about potential suicide. Hermosillo told defendants Officer Walker and Officer Young that he had a piece of metal and was going to cut himself, but they ignored him. Hermosillo eventually cut himself. During a later observation check, Hermosillo showed Walker and Young that he was bleeding, after which he received care from the health services unit (HSU).

Later that evening, and in the early morning hours of September 19, Hermosillo told defendants Sergeant Dodson, Lieutenant Price, and Officer Healy that he had metal, but they ignored him. Hermosillo eventually cut himself. Healy noticed that behavior, and he directed Hermosillo to stop. Hermosillo refused, so Healy administered OC spray. Defendant Lieutenant Loyd saw Healy spray Hermosillo. Loyd told Hermosillo to go to the trap to "cuff up," but he refused. Loyd told Hermosillo that he would leave if he did not cuff up. Hermosillo continued to refuse, so Loyd left.

During a later observation check, Healy saw Hermosillo cutting himself, and he administered OC spray. Hermosillo was then handcuffed and taken to the HSU, where his wounds were glued shut.

**B.  October 2 events**

On October 2, 2024, defendant Officer Teelan went to Hermosillo's cell to serve him with a conduct report. Hermosillo told Teelan that he had metal and was going to cut himself.

Teelan walked away, after which Hermosillo cut himself. Hermosillo was first taken to the HSU for treatment and then placed on observation status.

That afternoon, Hermosillo threatened to harm himself if he was not placed in restraints. Hermosillo showed defendants Officer Riley and Officer Shoniburg the metal with which he intended to harm himself. Riley and Shoniburg told Hermosillo that they had informed defendant Sergeant Johnson and had been instructed to keep monitoring him.

Defendant Lieutenant Larson went by Hermosillo's cell. Hermosillo told Larson that he had metal and needed to be placed in restraints because he was going to cut himself. Larson said "okay" and walked away. Some time went by, then Hermosillo started to cut himself for more than two hours in plain view of the observation cell's camera. Staff later went to Hermosillo's cell. He showed them his wounds, and they took him to the HSU, where he received stitches.

ANALYSIS

There is an obstacle to screening the merits of Hermosillo's claims: improper joinder. Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join multiple defendants only when the claims arise from the same set of events and share a common question of law or fact. Courts may consider whether the plaintiff has improperly joined defendants when screening a complaint. *See Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018). As set forth above, Hermosillo bases his claims on separate events and asserts them against different defendants. Hermosillo's complaint does not comply with Rule 20.

I will give Hermosillo a short time to respond to this order to explain which one of his two potential lawsuits he wishes to pursue under this case number (i.e., a lawsuit based on the

3

events of September 18 and 19, or a lawsuit based on the events of October 2). After Hermosillo provides that information, I will treat the part of his complaint related to those events as the operative pleading and screen the corresponding claims. If Hermosillo also wishes to proceed on the other events, he should inform the court and I will open a new lawsuit under a new case number for those events. If Hermosillo chooses to pursue a new lawsuit based on the other events, he will owe the court the full filing fee for that lawsuit, and will have to pay an initial partial filing fee before I will screen it.

### ORDER

IT IS ORDERED that plaintiff Randy Hermosillo may have until June 1, 2026, to file a short notice in which he chooses which of the two sets of events set forth above he wishes to pursue under this case number, and in which he informs the court whether he wishes to proceed on the other set of events.

Entered May 18, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge